UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARTHUR A. MATTHEWS,

        Petitioner,

v.                                   Case No. 11-C-688

DEBORAH MCCULLOCH

        Respondent.

**ORDER**

On July 15, 2011, Arthur A. Matthews, currently committed to Sand Ridge Secure Treatment Center pursuant to Chapter 980 of the Wisconsin Statutes as a "sexually violent person," filed this petition pursuant to 28 U.S.C. § 2254. In 1988, Petitioner pled no contest in Sheboygan County Circuit Court to crimes of second-degree sexual assault. In March 2009, a Chapter 980 petition was filed to commit Matthews as a sexually violent person. The petition listed Matthews' 1988 conviction as his previous "sexually violent offense," an essential element for a Chapter 980 commitment. *See* Wis. Stat. 980.01(7). In his § 2254 petition before this court, Matthews alleges that the use of his 1988 conviction and evidence relating to the offense violates the plea agreement he entered into with the state concerning it. Matthews also claims that the use of the conviction or details concerning the offense violates § 904.10 of the Wisconsin Statutes, which prohibits the use of a defendant's no contest plea in any other criminal or civil proceeding against him.

Matthews also filed with his petition an application for leave to proceed *in forma pauperis*. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of

indigence as required by § 1915. He has done so, and I am satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be granted.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In response to the 980 petition, on February 2, 2010, Matthews filed a motion "to exclude evidence of criminal conviction arising from pleas of no-contest." Matthews maintained that his due process rights had been violated because at the time of his plea, he believed the law precluded the State from admitting the plea under Wis. Stat. § 904.10, and that evidentiary use of the conviction breached his plea agreement or rendered his plea involuntary such that he should be allowed to withdraw his plea. The Sheboygan County Circuit Court denied the motion on April 8, 2010. Matthews appealed and on February 16, 2011, the Wisconsin Court of Appeals affirmed the order of the Circuit Court. Matthews moved for reconsideration but the motion was denied on March 1, 2011. The Supreme Court of Wisconsin denied Matthews' petition for review on June 15, 2011.

It is not clear from the petition and attachments that Matthews' petition fails to state a colorable claim under § 2254. His allegation that the use of his 1988 conviction to support a

2

Chapter 980 commitment violates his plea agreement is not sufficient to state a claim. To be sure, a defendant has a constitutional right to enforcement of promises made as part of a plea agreement. *See New York v. Santobello*, 404 u.s. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."); *United States v.. Monroe*, 580 F.3d 552, 556 (7th Cir. 2009) ("As we consistently have recognized, plea agreements are unique contracts that implicate the defendant's right to fundamental fairness under the Due Process Clause.") (citation and quotation marks omitted). But nothing in his petition supports the claim that any promises made to Matthews as part of the 1988 plea agreement about a Chapter 980 commitment. Chapter 980 did not exist in 1988 and thus could not have been the subject of discussion or agreement between or among Matthews, his attorney or the state. Even if Chapter 980 had been in existence, Matthews' plea would not have been rendered involuntary because the possibility of a Chapter 980 commitment was not addressed. Such possibilities have been held to constitute "collateral consequences" or a plea about which the defendant need not be informed. *Virsnieks v. Smith*, 521 F.3d 707, 715-16 (7th Cir. 2008).

Matthews' also claims, however, that his no contest plea was used against him in the Chapter 980 proceeding in violation of section 904.10. Section 904.10 prohibits the use of a defendant's no contest plea against him; it does not prohibit the use of the conviction that results from entry of such a plea or evidence relating to the offense of conviction in later proceedings, as long as the no contest plea itself is not used for such a purpose. *Matter of Safran's Estate*, 102 Wis.2d 79, 95-96, 306 N.W.2d 27, 35 (1981). It is unclear from the petition whether the no contest plea itself was offered as evidence against Matthews in the Chapter 980 proceeding, or just the fact

of conviction and other evidence relating to it. Even if his plea was used as evidence, this may not warrant relief under § 2254 since a mere violation of a state statute is not a ground for such relief; federal habeas relief can be granted only upon a showing that the petitioner is "in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). On the other hand, section 904.10's prohibition on the use of his no contest plea in other proceedings arguably formed part of the agreement upon which Matthews relied in entering his 1988 plea.

I conclude that the case should go forward, at least for now. The respondent may address these and any other issues that may bear on Matthews' claim for relief under § 2254 either by motion or in a full answer.

**THEREFORE, IT IS ORDERED** that within 45 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to

4

file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this     8th     day of August, 2011.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge