UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARTHUR A. MATTHEWS,

        Petitioner,

   v.                                                   Case No. 11-C-688

DEBORAH MCCULLOCH,

        Respondent.

**DECISION AND ORDER**

On July 19, 2011, Arthur A. Matthews filed this petition pursuant to 28 U.S.C. § 2254, alleging that the use of his 1988 conviction and evidence relating to the offense violates the plea agreement he entered into with the state concerning it. Matthews is currently committed at Sand Ridge Secure Treatment Center pursuant to Chapter 980 of the Wisconsin Statutes. The case is currently before the Court on Respondent's motion to dismiss. For the reasons discussed herein, Respondent's motion will be granted.

In 1988, Matthews pled no contest to one count of second degree sexual assault in Sheboygan County Circuit Court. That court imposed and stayed a five year prison sentence and placed Matthews on probation for two years with nine months of county jail time as a condition. Matthews did not file a direct appeal but instead, on February 2, 2011, filed a motion in Sheboygan County Circuit Court seeking to exclude evidence of that conviction from his Manitowoc County Chapter 980 proceedings. (ECF No. 9, Ex. B, Ex. E:2.) The motion was denied. Matthews appealed and the Wisconsin Court of Appeals affirmed the lower court's decision. (ECF No. 9

Exs. B–E.) Matthews then unsuccessfully petitioned the Wisconsin Supreme Court for review. (ECF No. 9 Exs. F–H.)

Matthews filed his federal petition in July 2011, in which he argued that Wis. Stat. § 904.10 prohibited the state from introducing details of his 1988 conviction in the Chapter 980 proceedings because he was convicted on a no contest plea. (ECF No. 1 at 6–7.) Respondent's motion alleges that Matthews' case must be dismissed because his complaint fails to raise any federal constitutional issue. Respondent contends the only issue raised in the complaint is a violation of Wis. Stat. § 904.10 — a state law claim — and does not assert a violation of any federal constitutional principle.

Habeas corpus is not the proper remedy for violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996); *Stewart v. Lane*, 60 F.3d 296, 302 (7th Cir. 1995); *Milone v. Camp*, 22 F.3d 693, 698 (7th Cir. 1994). To get habeas corpus relief, a petitioner must demonstrate that his custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A state law violation is only cognizable in habeas corpus if the violation results in fundamental unfairness violating the petitioner's due process rights. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

As currently alleged, Matthews claims Wis. Stat. § 904.10 prohibited the State from using evidence of this 1988 crime in the Chapter 980 proceedings. Presumably, Matthews would allege a federal claim by saying the admission of the evidence violated his right to due process. However, he does not specifically allege this in his complaint and he failed to respond to Respondent's motion to dismiss and argue that his complaint should be accordingly construed. Consequently,

Matthews' complaint does not appear to include a federal claim as required in accordance with federal habeas law.

Respondent's motion alternatively argues Matthews' petition should be dismissed because the claim he raises "has nothing to do with the conviction he challenges." (ECF No. 9 at 6.) Respondent contends the complaint only concerns matters concerning the Chapter 980 proceedings, not Matthews' 1988 case. As Respondent properly notes, granting Matthews relief on his claim would have no impact on his 1988 conviction and his petition should therefore be dismissed. Matthews does not, in his complaint, challenge his commitment but rather his 1988 sexual assault conviction. Even if this Court were to conclude the State violated Matthews' federal constitutional rights at trial (which again, he fails to allege a federal violation) this finding would not allow him to withdraw his 1988 plea.

Next, as Respondent correctly notes, Matthews' attack on his commitment appears premature. Matthews' state court appeal of his commitment is still in the early stages; most of the transcripts have not yet been prepared. *See State v. Matthews*, Case No. 2009CI1 (Manitowoc Cty. Cir. Ct.) Once those transcripts are prepared, Matthews' case can go forward. *See* Wis. Stat. § 809.30(2)(a)–(k).

Respondent's final argument is that Matthews' claim lacks merit. Wis. Stat. § 904.10 prohibits the State from using Matthews' no-contest plea to prove he committed the crime or the underlying facts of it. *See Gedlen v. Safran*, 306 N.W.3d 27, 35 (1981). But Wis. Stat. § 904.10 does not preclude the admission of evidence describing his 1988 crime. It does not prohibit the State from introducing the actual fact of his conviction. *See id.* at 35–36. The State also could have proved the facts of Matthews' case using other resources. *See, e.g.*, *State v. Franklin*, 2004

3

WI 38, ¶¶ 14, 17–23 (prohibition on introduction of other acts evidence under Wis. Stat. § 904.04(2) does not apply in Chapter 980 proceedings); *State v. Matthew A.B.*, 231 Wis. 2d 688 (Ct. App. 1999) (prohibiting the introduction of a Chapter 980 committee's juvenile delinquency adjudication for sexual assault "would render a large portion of Chapter 980 meaningless"); *State v. Zanelli*, 223 Wis. 2d 545 (Ct. App. 1998) (presentence investigation reports detailing committee's sexual crimes admissible as relevant evidence of whether person was sexually violent.) As the caselaw demonstrates, the State was thus not prohibited from introducing evidence of Matthews' past sexual offenses at his commitment trial.

Matthews' petition fails to allege a violation of federal or constitutional law, it is premature, the relief he seeks does not logically follow from his complaint, and on the merits of his claim the State was allowed to introduce evidence. He has failed to reply to Respondent's motion to dismiss alleging otherwise or alleging that his complaint should be construed in a different light. The motion to dismiss, Docket 8, is accordingly **GRANTED** and the petition is **DISMISSED**.

Dated this   23rd   day of November, 2011.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge